7864

HERBERT v. PARHAM.

MASTER AND SERVANT—NEGLIGENCE.—A complaint alleging the inexperience of the servant, the liability of bottles to explode when filled with pepsi-cola, a danger unknown to the servant, and that the master was negligent in failing to warn the servant of the danger, states a cause of action.

Before Watts, J., Charleston, November, 1910. Affirmed.

Action by James M. S. Herbert, guardian, against C. W. Parham. From order overruling demurrer, defendant appeals.

*Messrs. Legare & Holman,* for appellant, cite: *Labelling bottles is not dangerous occupation:* 86 S. C. 352; 39 S. C. 39; 66 S. C. 256; 69 S. C. 529; 72 S. C. 398; 75 S. C. 102.

*Messrs. Nathan & Sinkler,* contra.

April 20, 1911. The opinion of the Court was delivered by

Mr. Chief Justice Jones. The defendant appeals from an order overruling his demurrer to the complaint. The principal allegation of the complaint is the third paragraph as follows:

(3). "That on or about the 10th day of August, 1908, the said defendant, C. W. Parham, employed James M. S. Herbert, a youth of tender years, to wit, twelve years of age, to label bottles containing a beverage or drink known as pepsi-cola. Which said employment was dangerous in that the bottles were liable to explode after being charged and filled with the said beverage, the danger unknown to the plaintiff and of which no warning was given to him. That on the 11th day of August, 1908, while labelling bottles in the performance of his duties, as aforesaid, one of the said bottles exploded in his hands, and a piece of said bottle struck the plaintiff in his left eye injuring the same, severely and seriously impairing his vision. That the defendant was negligent in failing to warn the plaintiff, a youth of twelve years, of the danger of his employment and in failing to furnish suitable appliance for the protection of this plaintiff from the effects of exploding bottles when filled with said beverage as aforesaid."

The demurrer was that the complaint failed to state a cause of action:

(1) "In that the bursting of bottles, containing a beverage or drink, known as pepsi-cola, does not state such facts as would warrant an inference of negligence against the defendant.

(2) "In that the law does not require a party to warn a person of the natural consequences or dangers flowing from a business in which he is engaged.

(3) "For that the defendant was not required by the law to warn the plaintiff that a bottle containing pepsi-cola, charged with gas might explode or burst; for that the complaint states no facts from which any inference of negligence can be drawn against the defendant."

The demurrer was properly overruled, as it admits the facts stated, showing the inexperience of the plaintiff, the liability of the bottles to explode when charged, a danger unknown to plaintiff, the fact that no warning was given, and a statement that defendant was *negligent* in failing to warn, etc.

Appellant cites the opinion of the Court in *Herbert v. Parham*, 86 S. C. 352, as sustaining his position. That was an appeal from a judgment in which the Court held there was error in refusing a motion for nonsuit, using this language:

"The plaintiff did not introduce any testimony tending to prove that there was danger other than that arising from the bursting of the bottle, and in his testimony he admitted (which fact we desire to emphasize) that the defendant had warned him against the danger of breaking the bottles by striking them together. He also testified that the defendant had showed him how to label bottles." The case as presented now upon a demurrer to the complaint is quite different.

The judgment of the Circuit Court is affirmed.